IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONYA LAFABER, ) | Case No. 5:23-CV-01331 |
| ) | |
| Plaintiff, ) | JUDGE PAMELA A. BARKER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

Plaintiff, Tonya LaFaber, filed a complaint challenging the final decision of the Commissioner of the Social Security Administration, denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. LaFaber has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, I recommend that her IFP application be DENIED.

**I.  Background**

On July 7, 2023, LaFaber filed a complaint challenging the Commissioner's decision denying her application for disability insurance benefits. ECF Doc. 1. LaFaber filed a motion to proceed IFP. ECF Doc. 2. On the forms attached to her application, LaFaber indicated that her spouse earned approximately $6,000 a month in income and their monthly expenses totaled $4,140. *See* ECF Doc. 2.

**II.     Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." See 28 U.S.C. § 1915(a)(1). A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 U.S. Dist. LEXIS 80296, at *2 (E.D. Mich. June 21, 2016) (internal quotation marks omitted). The assets of individuals providing support for the applicant may also be considered in some circumstances. *Hudgins v. Colvin*, No. 1:15-CV-533, 2015 U.S. Dist. LEXIS 114420, at *12 (M.D.N.C. Aug. 28, 2015) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (Internal quotation marks omitted)).

The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* It is within the court's discretion whether to allow a litigant to proceed IFP. *Foster,* 21 F. App'x. at 240.

Here, LaFaber's spouse's financial information is legally relevant to the determination of whether she should be authorized to proceed IFP. Because LaFaber's spouse's financial

2

information reflects that her spouse has resources to pay the filing fee, this is a case where they must "weigh the financial constraints posed by pursuing [his] complaint against the merits of his claims." *Behmlander v. Comm'r of Soc. Sec.,* 2012 U.S. Dist. LEXIS 160454, *6 (E.D. Mich., 2012). The undersigned finds that LaFaber is not eligible to proceed IFP in this case and recommends that the Court DENY her IFP application (ECF Doc. 2) and require her to pay the filing fee.

Dated: July 17, 2023

Thomas M. Parker
United States Magistrate Judge

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).